OPINION
By WASHBURN, PJ.
This action was begun in the Common Pleas Court to collect the value of personal property alleged to belong to plaintiff, and to have been converted to their use by the defendants.
*374 The court found, on the issues joined on the petition, in favor of defendants, and, on defendants’ cross-petition, in favor of plaintiff.
Tne plaintiff only, appealed, and the cause is in this court on questions of law.
Under the evidence, the only question involved that need be considered is the ownership of gasoline tanks buried in the real estate now owned by the defendants.
The claim of the plaintiff is that said tanks, although so attached to the real estate, are personal property, and that plaintiff obtained title thereto through mesne transfers of respective owners thereof.
The first transfer shown by the evidence is from Socony-Vacuum Oil Co. on June 1, 1935. The record, however, discloses that the defendants contracted to purchase the real estate in December, 1934, and completed the transaction on January 7, 1935.
There is no evidence in the record as to who installed the tanks or under what circumstances they were installed' — whether by the owner of the real estate, or if by others, what the terms of the contract were between the owner of the real estate and the owner of the tanks.
From the record, all we know on that subject is the statement of a witness to the effect that the tanks were installed at least four years before plaintiff purchased the real estate.
There is an exhibit in the record which it is claimed tends to prove that the defendants leased said tanks from a wholesaler of gasoline and thus acknowledged that they did not own the tanks, but a consideration of the terms of such exhibit and the fact that it was never properly signed by the pur-' ported contracting parties, renders it of very little evidentiary value.
The testimony of the defendant A. L. Czelláth, supported by a disinterested witness, which is uncontradicted, to the effect that such wholesaler, during the period that the wholesaler furnished gasoline to the defendants, actually paid the defendants rental for the use of such tanks, fully justified the trial court in finding that the defendants did not admit that they were not the owners of the tanks. Likewise, in the absence of any evidence as to the circumstances under which the tanks .were installed, the court was justified in finding that, as a matter of law, they became a part of the real estate and passed as a part thereof to the defendants by their deed of the real estate.
Under the record in this case, the admission in the answer of the defendants that plaintiff “acquired title to certain of the articles enumerated in the petition” is not an admission that the plaintiff acquired title to said tanks, there being other enumerated articles to which, under the evidence, said admission admittedly applied.
Judgment affirmed.
DOYLE, J., & STEVENS, J., concur..